DUPLICATE ORIGINAL



1 THOMAS P. O'BRIEN
United States Attorney
2 CHRISTINE C. EWELL
Assistant United States Attorney
3 Chief, Criminal Division
DOUG AXEL
4 Assistant United States Attorney
Chief, Major Frauds Section
5 DANIEL J. O'BRIEN (CA Bar #141720)
Assistant United States Attorney
6 Major Frauds Section
        1300 United States Courthouse
7        312 North Spring Street
        Los Angeles, California  90012
8        Email: daniel.obrien@usdoj.gov
        Telephone: (213) 894-2468
9        Facsimile: (213) 894-6269

10 Attorneys for Plaintiff
United States of America
11

FILED
CLERK, U.S. DISTRICT COURT
DEC 18 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

12                    UNITED STATES DISTRICT COURT

13              FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,        )    CR 06-775(A)
                                    )
15                  Plaintiff,      )    GOVERNMENT'S NOTICE OF REQUEST
                                    )    FOR DETENTION
16              v.                  )
                                    )
17 NAFTALI TZI WEISZ,               )
                                    )
18              Defendant.          )
                                    )
─────────────────────────────────── )

19
        Plaintiff, United States of America, by and through its
20
counsel of record, hereby requests detention of defendant and gives
21
notice of the following material factors:
22
____    1.   Temporary 10-day Detention Requested (§ 3142(d))
23
             on the following grounds:
24
             ____  a.  offense committed while defendant was on release
25
                       pending (felony trial), (sentencing) (appeal) or
26
                       on (probation) (parole);
27
             ____  b.  alien not lawfully admitted for permanent
28

1       residence;

2       ____  c.  flight risk;

3       ____  d.  danger to community.

4   X   2.  Pretrial Detention Requested (§ 3142(e)) because no

5           condition or combination of conditions will

6           reasonably assure against:

7       X   a.  danger to any other person or the community;

8       X   b.  flight.

9   ____  3.  Detention Requested Pending Supervised

10          Release/Probation Revocation Hearing (Rules

11          32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):

12      ____  a. Defendant cannot establish by clear and

13            convincing evidence that he/she will not pose a

14            danger to any other person or to the community;

15      ____  b. Defendant cannot establish by clear and

16            convincing evidence that he/she will not flee.

17  ____  4.  Presumptions Applicable to Pretrial Detention (18

18          U.S.C. § 3142(e)):

19      ____  a.  Title 21 or Maritime Drug Law Enforcement Act

20            ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense

21            with 10-year or greater maximum penalty

22            (presumption of danger to community and flight

23            risk);

24      ____  b.  offense under 18 U.S.C. § 924(c) (firearm

25            used/carried/possessed during/in relation to/in

26            furtherance of crime), § 956(a), or § 2332b

27            (presumption of danger to community and flight

28            risk);

2

1     \_\_\_\_ c. offense involving a minor victim under 18 U.S.C.

2     §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245,

3     2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-

4     2252A(a)(4), 2260, 2421, 2422, 2423 or 2425

5     (presumption of danger to community and flight

6     risk);

7     \_\_\_\_ d. defendant currently charged with (I) crime of

8     violence, (II) offense with maximum sentence of

9     life imprisonment or death, (III) Title 21 or

10     MDLEA offense with 10-year or greater maximum

11     sentence, or (IV) any felony if defendant

12     previously convicted of two or more offenses

13     described in I, II, or III, or two or more state

14     or local offenses that would qualify under I,

15     II, or III if federal jurisdiction were present,

16     or a combination of such offenses, AND defendant

17     was previously convicted of a crime listed in I,

18     II, or III committed while on release pending

19     trial, AND the current offense was committed

20     within five years of conviction or release from

21     prison on the above-described previous

22     conviction (presumption of danger to community).

23     \_\_\_\_ 5. Government Is Entitled to Detention Hearing

24     Under § 3142(f) If the Case Involves:

25     \_\_\_\_ a. a crime of violence (as defined in 18 U.S.C.

26     § 3156(a)(4));

27     \_\_\_\_ b. an offense for which maximum sentence is life

28     imprisonment or death;

3

1         \_\_\_\_ c. Title 21 or MDLEA offense with maximum sentence

2             of ten years or more;

3         \_\_\_\_ d. instant offense is felony and defendant has two

4             or more convictions for a crime set forth in a-c

5             above or for an offense under state or local law

6             that would qualify under a, b, or c if federal

7             jurisdiction were present;

8         __X__ e. serious risk defendant will flee;

9         \_\_\_\_ f. serious risk defendant will (obstruct or attempt

10            to obstruct justice) (threaten, injure, or

11            intimidate witness or juror, or attempt to do

12            so).

13 \_\_\_\_ 6. Government requests continuance of \_\_\_\_ days for

14        detention hearing based upon the following reason:

15        _____

16        _____

17 \_\_\_\_ 7. Good cause for continuance in excess of three days

18        exists in that:

19        _____

20        _____

21

22 DATED: December 14, 2007     Respectfully submitted,

23                    THOMAS P. O'BRIEN
                   United States Attorney

24

25                    DANIEL J. O'BRIEN
                   Assistant United States Attorney

26

27                    Attorneys for Plaintiff
                   United States of America

28