```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  MONICA E. TAIT
    Assistant United States Attorney
 6  Asset Forfeiture Section
    California Bar No. 157311
 7       1400 United States Courthouse
         312 North Spring Street
 8       Los Angeles, California 90012
         Telephone: (213)894-2931
 9       Facsimile: (213)894-7177
         E-Mail: Monica.Tait@usdoj.gov
10
    Attorneys for Plaintiff
11  United States of America
```

(Attorney block above)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV 08-3398 JFW (FMOx) |
| Plaintiff, | STIPULATION AND REQUEST FOR ENTRY OF CONSENT JUDGMENT |
| v. | FORFEITING INTERESTS OF MARVIN A. LAZAR IN THE DEFENDANT ASSETS |
| $521,151.15 IN BANK ACCOUNT FUNDS AND $156,164.00 IN UNITED STATES CURRENCY, | (Proposed order filed concurrently) |
| Defendants. | |
| YESHIVA IMREI JOSEF, MACHNE SVA ROTZOHN, CENTRAL RABBINICAL SEMINARY, MARVIN A. LAZAR, AND YOSEF NACHUM NAIMAN, | |
| Claimants. | |

    IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiff United States of America, through its undersigned counsel, and Claimant Marvin A. Lazar, individually and through his undersigned counsel, as follows:

1.  On May 22, 2008, plaintiff United States of America commenced this judicial forfeiture action by filing a Complaint alleging that the defendants $521,151.15 in Bank Account Funds and $156,164.00 in United States Currency (collectively, "defendant funds") are forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C) and 984.  Yeshiva Imrei Josef, Machne Sva Rotzohn, and Central Rabbinical Seminary ("the SPINKA entities") have claimed to have interests in the defendant $521,151.15 in Bank Account Funds.  Marvin A. Lazar has filed a claim to $146,164.00 of the defendant $156,164.00 in United States Currency and Yosef Nachum Naiman has filed a claim to the remaining $10,000.00 of that defendant.  This stipulation does not affect the claims already filed by the SPINKA entities and Naiman.

2.  Plaintiff has notified other potential claimants of this action pursuant to Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.  Notice of forfeiture of the defendant funds was published three times (on June 26, July 3, and July 10, 2008) in accordance with Supplemental Rule G(4)(a)(iv)(C).  Apart from the claimants identified in paragraph 1 above, no claims or answers have been filed to contest the forfeiture of the defendant funds, and the time for filing claims and answers has expired.  All potential claimants to the defendants other than Yeshiva Imrei Josef, Machne Sva Rotzohn, Central Rabbinical Seminary, Marvin A. Lazar, and Yosef Nachum Naiman are deemed to have admitted the allegations of the complaint.

3.  It is the intent of the United States and claimant

Lazar to resolve all of their competing claims to the defendant funds by this Stipulation and the concurrently filed (proposed) Consent Judgment.  This Stipulation is part of a package of agreements entered into in the matter <u>United States v. Naftali Tzi Weisz, et al.</u>, 06-775 JFW ("Criminal Case"), including binding plea agreements entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  If the Court in the Criminal Case determines not to be bound by the terms of the plea agreement relating to Marvin A. Lazar, then none of the parties to this Stipulation will be bound by this Stipulation or any of its terms or conditions, the Stipulation will become null and void, the parties to the Stipulation will be relieved of their obligations under it, and the parties to the Stipulation will return to their positions prior to execution of the Stipulation.

    4.   This Court has jurisdiction over the subject matter of the present action and over the parties to this agreement.

    5.   The Complaint states a claim for relief against the defendant funds.

    6.   All right, title, and interest of Marvin A. Lazar in the $146,164.00 to which he has filed a claim is hereby condemned and forfeited to the United States of America.  The United States Marshals Service shall dispose of such $146,164.00 portion of the defendant $156,164.00 in United States Currency in accordance with law and in consultation with the seizing agency.

    7.   Except as to such rights and obligations created by this Stipulation, Lazar agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency),

3


Lazar to resolve all of their competing claims to the defendant funds by this Stipulation and the concurrently filed (proposed) Consent Judgment.  This Stipulation is part of a package of agreements entered into in the matter <u>United States v. Naftali Tzi Weisz, et al.</u>, 06-775 JFW ("Criminal Case"), including binding plea agreements entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  If the Court in the Criminal Case determines not to be bound by the terms of the plea agreement relating to Marvin A. Lazar, then none of the parties to this Stipulation will be bound by this Stipulation or any of its terms or conditions, the Stipulation will become null and void, the parties to the Stipulation will be relieved of their obligations under it, and the parties to the Stipulation will return to their positions prior to execution of the Stipulation.

 4.   This Court has jurisdiction over the subject matter of the present action and over the parties to this agreement.

 5.   The Complaint states a claim for relief against the defendant funds.

 6.   All right, title, and interest of Marvin A. Lazar in the $146,164.00 to which he has filed a claim is hereby condemned and forfeited to the United States of America.  The United States Marshals Service shall dispose of such $146,164.00 portion of the defendant $156,164.00 in United States Currency in accordance with law and in consultation with the seizing agency.

 7.   Except as to such rights and obligations created by this Stipulation, Lazar agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency),

3

including without limitation the Federal Bureau of Investigation and the Internal Revenue Service, acting in their individual or official capacities, from all claims, actions or proceedings, including, but not limited to, any claim for attorney's fees and/or costs, or interest, which may hereafter be asserted or brought by him or on his behalf which are related to or arise out of the present action.

8. All of the undersigned shall execute all documentation necessary to carry out this agreement. Each party shall bear its own costs of litigation and attorney's fees. Each party waives its right to appeal. The parties agree that the Court's entry of the accompanying Consent Judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465(a)(2).

9. The Court retains jurisdiction over this case and the parties hereto to effectuate the terms of this agreement. There being no just reason for delay, the undersigned respectfully request the court to direct the clerk to enter the accompanying Consent Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, which constitutes a final judgment as to the interests of Marvin A. Lazar and all other potential claimants in

//
//
//
//
//
//
//
//

4

$146,164.00 of the defendant $156,164.00 in United States Currency.

**SO STIPULATED AND REQUESTED.**

Dated: _____, 2009
THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____
MONICA E. TAIT
Assistant United States Attorney
Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: _____, 2009
_____
MARVIN A. LAZAR
Claimant

Dated: _____, 2009
_____
KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
By: Howard Weitzman
ATTORNEYS FOR CLAIMANT
MARVIN A. LAZAR

5