1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   DANIEL J. O'BRIEN (CA Bar Number 141720)
4  STEPHEN I. GOORVITCH (CA Bar Number 199325)
   BRIAN E. KLEIN (CA Bar Number 258486)
5  Assistant United States Attorneys
   Major Frauds Section
6      1100 United States Courthouse
       312 North Spring Street
7      Los Angeles, California 90012
       Email: daniel.obrien@usdoj.gov
8      Telephone: (213) 894-2468
       Facsimile: (213) 894-6269
9  Attorneys for Plaintiff
   United States of America
10
                    UNITED STATES DISTRICT COURT
11
                FOR THE CENTRAL DISTRICT OF CALIFORNIA
12

13  UNITED STATES OF AMERICA,          )  CR No. 06-775(C)-JFW
                                       )
14            Plaintiff,               )  CASE DISPOSITION AGREEMENT
                                       )  WITH DEFENDANTS MACHNE SVA
15            v.                       )  ROTZOHN, YESHIVA SPINKA,
                                       )  CENTRAL RABBINICAL SEMINARY,
16  NAFTALI TZI WEISZ, et al.,         )  MESIVTA IMREI YOSEF, AND
                                       )  ASSOCIATED SPINKA
17            Defendant.               )  ORGANIZATIONS
                                       )
18  _____)
                                       )
19

20      Plaintiff, the United States of America, by and through its

21  counsel, the United States Attorney's Office for the Central

22  District of California, hereby files this Case Disposition

23  Agreement with defendants Machne Sva Rotzohn, Yeshiva Spinka,

24  Central Rabbinical Seminary, Mesivta Imrei Yosef, and associated

25  //

26  //

27  //

28  //

1   Spinka organizations.

2   DATED: August 4, 2009          THOMAS P. O'BRIEN
                                   United States Attorney
3
                                   CHRISTINE C. EWELL
4                                  Assistant United States Attorney
                                   Chief, Criminal Division
5

6

7                                  _____/s/_____
                                   DANIEL J. O'BRIEN
8                                  STEPHEN I. GOORVITCH
                                   BRIAN E. KLEIN
9                                  Assistant United States Attorney
                                   Major Frauds Section
10
                                        Attorneys for Plaintiff
11                                      UNITED STATES OF AMERICA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CASE DISPOSITION AGREEMENT BETWEEN THE UNITED STATES ATTORNEY'S OFFICE AND SPINKA ORGANIZATIONS

## I.

## INTRODUCTION

1.    This Case Disposition Agreement (the "Agreement") is entered into between the United States Attorney's Office for the Central District of California (the "USAO"), and Yeshiva Imrei Yosef, aka Yeshiva Imrei Yosef Spinka ("YIY"), Machne Sva Rotzohn ("MSR"), Kollel Ner L'Avrohom, Kollel Tiferes Yaakov Yosef, Agudath Chasidei Spinka, Congregation Chakal Yitzchok, aka Chakal Yitzchok D'Spinka, United Rabbinical Academy, Mifal Hachesed, Yeshiva Gedolah Imrei Yosef D'Spinka Inc., Yeshiva Spinka, aka Yeshivat Spinka, aka Yeshivath Spinka ("YS"), Central Rabbinical Seminary ("CRS"), Mesivta Imrei Yosef, aka Mesivta Imrei Yosef Spinka ("MIY"), Keren Halbosho D'Mesivta Imrei Yosef Spinka, Keren Chasanim D'Mesivta Imrei Yosef Spinka, aka Keren Chasanim, Gemach Tzeduka V'Chesed Inc., Rabbinical College Academy, Yeshiva Bein Hazamanim, Mosdos Spinka International, Mifal Hadaf, Kollel Nachlas Moshe, Igud Chasidai Spinka, Mosdos Hachesed, and Yeshiva Ohr Yaakov (collectively, the "Spinka Organizations").  By signing this agreement, the Spinka Organizations certify that (a) the following organizations are in the process of dissolution: Yeshiva Spinka, aka Yeshivat Spinka, aka Yeshivath Spinka ("YS"), Central

266690.1

1

Rabbinical Seminary ("CRS"), Mesivta Imrei Yosef, aka Mesivta Imrei Yosef Spinka ("MIY"), Keren Halbosho D'Mesivta Imrei Yosef Spinka, Keren Chasanim D'Mesivta Imrei Yosef Spinka, aka Keren Chasanim, Gemach Tzeduka V'Chesed Inc., Rabbinical College Academy, Yeshiva Bein Hazamanim, Mosdos Spinka International, Mifal Hadaf, Kollel Nachlas Moshe, Igud Chasidai Spinka, Mosdos Hachesed, Yeshiva Ohr Yaakov (the Dissolved Organizations"); and (b) that the following organizations are not under the control of the Spinka Organizations: Agudath Shalom Banaich, Canadian Friends of Central Rabbinical Seminary, and Canadian Friends of Mosdos Spinka International.

2.    The purpose of this Agreement is to settle and resolve all criminal charges and any matters under criminal investigation between the USAO and the Spinka Organizations that involve offenses occurring on or before December 19, 2007 arising from or relating to any acts or omissions (a) alleged in the Third Superseding Indictment in <u>United States v. Naftali Tzi Weisz, et al.</u>, CR No. 06-775(C)-JFW (the "Indictment") or (b) set forth in the factual basis in the plea agreement executed by Yeshiva Imrei Yosef ("YIY") as part the package deal described in paragraph 3 below (the "Factual Basis"). Except as specified in paragraphs 6 and 10 below, which makes the non-prosecution provisions of this agreement binding on the USAO, the United States Attorney's Office for the Eastern District of New York ("EDNY") and the United States Attorney's Office for the Southern District of New York ("SDNY"), this Agreement binds only the USAO and the Spinka Organizations, and does not bind any other federal, state or local prosecuting, administrative, enforcement, or regulatory authority.

## II.

## PACKAGE DEAL

3.     The Spinka Organizations acknowledge that this Agreement is entered into as part of a "package deal" that also involves (a) defendants YIY, Naftali Tzi Weisz ("Weisz"), Yaacov Zeivald ("Zeivald"), Moshe Arie Lazar ("Lazar"), Yosef Nachum Naiman ("Naiman"), and Alan Jay Friedman ("Friedman") charged in the Indictment (collectively the "Defendants") pleading guilty to certain charges pursuant to the terms of separate plea agreements, and (b) YIY, MSR, and CRS agreeing to the forfeiture of assets they have claimed in the related forfeiture proceeding <u>United States v. $521,151.15 in Bank Account Funds and $156,164.00 in United States Currency</u>, CV 08-3398 JFW (FMOx).  The Spinka Organizations and the USAO agree that this Agreement and the obligations it creates will not become binding on the USAO and the Spinka Organizations unless and until (a) each of defendants YIY, Weisz, Zeivald, Lazar, Naiman, and Friedman executes and delivers to the USAO its/his respective plea agreement and enters a plea of guilty in accordance with such agreement, and (b) YIY, Lazar, and Naiman each delivers to the USAO the fully executed attachment to their respective plea agreements concerning the civil forfeiture of property.  Should any one of the foregoing events not occur, this Agreement will become null and void and the parties to it will be relieved of all of their obligations under it.

4.     The Spinka Organizations acknowledge that they have directed their attorneys to negotiate this Agreement and the larger package deal of which it is a part;

they have discussed with their attorneys, and carefully considered, the possible

advantages and disadvantages of entering into an agreement with the USAO that is part

of this package deal; they are entering into this Agreement and the larger package deal

freely and voluntarily; they are entering into this Agreement and the larger package deal

because they believes this Agreement and the larger package deal to be in their best

interests; and they are not entering into this Agreement or the larger package deal because

of threats, coercion, or other undue influence by the USAO, any of the Defendants, their

counsel, or anyone else.

### III.

### DISMISSAL AND NON-PROSECUTION OF CRIMINAL CHARGES

5.    Upon the Spinka Organizations' completion of their obligations set forth in

paragraphs 7 and 11 below, the USAO will move to dismiss all pending charges against

YS, MIY, CRS, and MSR in the Third, Second, and First Superseding Indictments.

6.    Subject to the breach provisions of paragraph 13 through 16 below, the

USAO agrees not to bring criminal charges against any of the Spinka Organizations or

the Dissolved Organizations for any offense occurring on or before December 19, 2007

and arising from the allegations made against the defendant Spinka Organizations in the

Indictment or described in the Factual Basis.  The parties acknowledge that the SDNY

and EDNY have agreed to be bound by this paragraph as referenced in paragraph 17

below.   The Spinka Organizations understand that the USAO, SDNY, and EDNY

remain free to prosecute any of the Spinka Organizations for any other unlawful past

conduct or any unlawful conduct that occurs after December 19, 2007.

## IV.

## CIVIL FORFEITURE AND CRIMINAL FINE

7.    Within five calendar days of the entry of defendant YIY's plea of guilty, YIY, MSR, and CRS will deliver to undersigned counsel for the government a signed Stipulation for Entry of Consent Judgment, in the form attached to this agreement, in the matter United States v. $521,151.15 in Bank Account Funds and $156,164.00 in United States Currency, CV 08-3398 JFW (FMOx) ("Consent Judgment"). The Consent Judgment forfeits all right, title, and interest of those Spinka Organizations in the $521,151.15 and $156,164.00 named as defendants in the civil case (collectively, the "Forfeited Funds"). No Spinka Organization other than YIY, MSR, and CRS has filed a claim to, or has any right, title, or interest in the Forfeited Funds.

8.    YIY, MSR, and CRS further agree:

A.    To waive all constitutional and statutory challenges to forfeiture of the Forfeited Funds on any grounds, including that the forfeiture constitutes an excessive fine or punishment;

B.    To take all steps as requested by the United States that are necessary to pass to the United States clear title to the Forfeited Funds, including, without limitation, the completing of any other legal documents required for the transfer of title to the United States; and

C.    Not to assist any other person in any effort falsely to contest the

266690.1                                              5

forfeiture of the Forfeited Funds.

9.    The Spinka Organizations agree to guarantee, and be jointly and severably liable for, any fine ordered by the Court against defendant YIY at sentencing.

10.    For enforcement or collection purposes, the USAO agrees that the amount of any fine the Court shall impose against defendant YIY shall be reduced by an amount equal to the Forfeited Funds. The USAO also agrees not to seek any other criminal or civil forfeiture, arising out of the Spinka Organizations' conduct described in the Indictment or the Factual Basis, except as otherwise specifically set forth in this Agreement. The parties acknowledge that the SDNY and EDNY have agreed to be bound by this paragraph as referenced in paragraph 17 below.

## V.

### COMPLIANCE PROGRAM

11.    Within 90 days from the execution of this Agreement, the Spinka Organizations agree to:

A.    Adopt and implement a reorganization, corporate compliance program, and code of ethics that is acceptable to the USAO to ensure full financial transparency and legal compliance on the part of all Spinka Organizations. The USAO acknowledges that the Spinka Organizations have implemented a reorganization, compliance program, and code of ethics in 2008 under the direction of the United Rabbinical Academy. The Spinka Organizations will resubmit a description of these efforts to the USAO within the 30 days so that the USAO can determine whether the

efforts of the Spinka Organizations is acceptable to satisfy the obligations of this paragraph.

      B.     Establish (1) a board of directors for each Spinka Organization that does not include Weisz or any of the excluded individuals identified in Exhibit A to this agreement and filed under seal; (2) an oversight board of directors ("the Oversight Board") that exercises control over the selection of board members for each Spinka Organization that is independent of Weisz and does not include any of the excluded individuals identified in Exhibit A; and (3) a methodology for the appointment of future board members for each Spinka Organization and the Oversight Board that meets the criteria of subparagraphs 10(B)(1), and 10(B)(2) and ensures that Weisz has no direct or indirect control over the assets or financial affairs of any Spinka Organization. Notwithstanding this provision, Weisz will be permitted to appear in his capacity as spiritual leader of Spinka to attend fundraising events and encourage people to support the Spinka Organizations.

      C.     Repatriate all assets of the Spinka Organizations (other than real property) into the United States, and maintain all assets of the Spinka Organizations (other than real property) in the United States.

      D.     Collect, assemble, and deliver to the USAO all financial records in the possession or control of the Spinka Organizations or any entities subject to their control for the period January 1, 2003 to the present; present all such records in the format of the pdf, Concordance, and Excel electronic databases prepared by the firm of

Irell & Manella on its own initiative; and identify all assets under the present control of the Spinka Organizations or entities subject to their control, both inside and outside the United States.

      E.     Formally request that any individuals or entities exercising control over any of the Spinka Organization's assets during the period January 1, 2003 to the present, collect, assemble, and deliver to the Spinka Organizations all financial records reflecting transactions conducted on behalf of, or assets held on behalf of, the Spinka Organizations.

      F.     Collect, assemble, and deliver to the USAO all accounting records in the possession or control of the Spinka Organizations or any entities subject to their control, in whatever form, for the period January 1, 2003 to the present.

      G.     Continue to financially support the employment of Veriti, a consulting firm that has provided Irell & Manella accounting services with regard to the Spinka Organizations, and not object to the government inspecting Veriti accounting work as to which Irell & Manella has given its written consent;

      H.     Formally and publicly communicate to members of the Spinka congregation, donors to the Spinka Organizations, and other hassidic leaders and institutions, the legal and moral importance of not engaging in the practices set forth in the indictment, and offer the details of the Spinka Organization's reorganization, corporate compliance program, and code of ethics to other hassidic institutions as an example for them to emulate.

12.    The Spinka Organizations agree to continue compliance with the provisions of paragraph 11 above for a period of three years (the "Compliance Term"), and during such time, agree to:

A.    Prepare semi-annual reports manifesting such compliance and to deliver said reports to the USAO beginning December 31, 2009.

B.    Comply with all laws, including tax laws, of the United States, and to not knowingly assist Spinka contributors in claiming false tax deductions.

C.    Employ the services of an independent monitor with adequate authority to ensure compliance with the provisions of this paragraph. The independent monitor shall be Roger M. Olson, who has been serving as a consultant to the Spinka Organizations since they, on their own initiative, chose to retain him in February 2008. The Spinka Organizations shall not substitute anyone else as monitor during the compliance term without prior written approval of the USAO, which shall not be unreasonably withheld. The Spinka Organizations may request to be relieved of the obligation to employ the services of the independent monitor after a period of one year, at which time the USAO, in its exclusive judgment, may waive this obligation.

## VI.

### BREACH OF AGREEMENT

13.    Should the USAO determine, in its sole and exclusive discretion, that any one of the Spinka Organizations is in material breach of its obligations under this Agreement, the USAO may seek a judicial determination of breach. Before seeking a

judicial determination of breach, the USAO will provide the Spinka Organizations written notice of the breach and 30 days within which to cure the breach, and/or to seek reconsideration by the USAO.

14.    The Spinka Organizations stipulate and agree that the United States District Court for the Central District of California has personal jurisdiction over each of them for purposes of adjudicating any motion alleging a material breach of this Agreement, and subject matter jurisdiction over any such motion, as ancillary to the proceedings in criminal case United States v. Naftali Tzi Weisz, CR No. 06-775-JFW.

15.    The law office of Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, 1875 Century Park East, Suite 2300, Los Angeles, CA 90067 is authorized to accept, and shall serve as agents for, service of process upon the Spinka Organizations.

16.    If the Court determines that any one of the Spinka Organizations has materially breached this Agreement:

A.    The USAO will be relieved of all of its obligations under this Agreement, including the USAO's dismissal of the criminal proceedings against YIY, MSR, CRS, MIY, and YS, its promise of non-prosecution against the other Spinka Organizations, and its forbearance from pursuing criminal and civil forfeiture actions.  In that event, the USAO may: (a) criminally prosecute any of the Spinka Organizations for any offenses; (b) introduce into evidence in any prosecution of any of the Spinka Organizations any and all statements, evidence, and/or information provided by the Spinka Organizations pursuant to this Agreement, as well as any information derived

directly or indirectly therefrom; (c) introduce into evidence in any prosecution of any of the Spinka Organizations the admission of YIY contained within the Factual Basis as an adopted admission of all the Spinka Organizations, and (d) pursue any forfeiture against any of the Spinka Organizations and/or any of their assets.

B.      The Spinka Organizations agree to executed the waiver of indictment identified in Exhibit B to this agreement.  The USAO shall immediately be free to use the waiver of indictment provided by the Spinka Organizations in Exhibit B and to prosecute any of the Spinka Organizations by way of information for any federal offense relating to the conduct described in the Indictment or the Factual Basis.

C.      In any proceeding or trial in any criminal prosecution relating to the conduct described within the Indictment or the Factual Basis, the Spinka Organizations shall be precluded from asserting any claim or defense based on  pre-indictment delay or any statutes of limitations with respect to any period of time between December 19, 2007 and the date the Court determines that any of the Spinka Organizations breached this Agreement.

## VII.

## COMPLETE AGREEMENT

17.      Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel other that the agreements of EDNY and SDNY to be bound by paragraphs 6 and 10 of this agreement. Nor may any additional agreement, understanding or condition be entered into unless in a

writing signed by all parties or on the record in court.

AGREED AND ACCEPTED:

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney


_____          _____
DANIEL J. O'BRIEN                                    8/3/09
Assistant United States Attorney                     Date


_____          _____
Authorized Agent                                     8/3/9
for Yeshiva Imrei Yosef                              Date


_____          _____
Authorized Agent                                     8/3/9
for Machne Sva Rotzohn                               Date


_____          _____
Authorized Agent                                     8/3/9
for Kollel Ner L'Avrohom                             Date


_____          _____
Authorized Agent                                     8/3/9
for Kollel Tiferes Yaakov Yosef                      Date


_____          _____
Authorized Agent                                     8/3/9
for Agudath Chasidei Spinka                          Date

266690.1                              12

_____

Authorized Agent
for Congregation Chakal Yitzchok,
aka Chakal Yitzchok D'Spinka

_____

Date 8/3/9

_____

Authorized Agent
for United Rabbinical Academy

_____

Date 8/3/9

_____

Authorized Agent
for Mifal Hachesed

_____

Date 8/3/9

_____

Authorized Agent
for Yeshiva Gedolah Imrei Yosef D'Spinka Inc.

_____

Date 8/3/9

_____

Authorized Agent
for Yeshiva Spinka
aka Yeshivat Spinka, aka Yeshivath Spinka

_____

Date 8/3/9

_____

Authorized Agent
for Central Rabbinical Seminary

_____

Date 8/3/9

_____

Authorized Agent
for Mesivta Imrei Yosef

_____

Date 8/3/9

266690.1

13

aka Mesivta Imrei Yosef Spinka

_____          _____
Authorized Agent                     Date
for Keren Halbosho D'Mesivta Imrei Yosef Spinka

_____          _____
Authorized Agent                     Date
for Keren Chasanim D'Mesivta Imrei Yosef Spinka
aka Keren Chasanim,

_____          _____
Authorized Agent                     Date
for Gemach Tzeduka V'Chesed Inc.

_____          _____
Authorized Agent                     Date
for Rabbinical College Academy

_____          _____
Authorized Agent                     Date
for Yeshiva Bein Hazamanim

_____          _____
Authorized Agent                     Date
for Mosdos Spinka International

_____          _____

Authorized Agent
for Mifal Hadaf

Date  8/3/9

---

Authorized Agent
for Kollel Nachlas Moshe

Date  8/3/9

---

Authorized Agent
for Igud Chasidai Spinka

Date  8/3/9

---

Authorized Agent
for Mosdos Hachesed

Date  8/3/9

---

Authorized Agent
for Yeshiva Ohr Yaakov

Date  8/3/9

---

GARY LINCENBERG
Counsel for the
Spinka Organizations

Date  8/3/9

266690.1                                    15

ATTACHMENT

1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   STEVEN R. WELK
4  Assistant United States Attorney
   Chief, Asset Forfeiture Section
5  MONICA E. TAIT
   Assistant United States Attorney
6  Asset Forfeiture Section
   California Bar No. 157311
7      1400 United States Courthouse
       312 North Spring Street
8      Los Angeles, California 90012
       Telephone: (213)894-2931
9      Facsimile: (213)894-7177
       E-Mail: Monica.Tait@usdoj.gov
10
   Attorneys for Plaintiff
11 United States of America

12              UNITED STATES DISTRICT COURT

13          FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                   WESTERN DIVISION

15 UNITED STATES OF AMERICA,      )   NO.  CV 08-3398 JFW (FMOx)
                                  )
16          Plaintiff,            )   STIPULATION AND REQUEST FOR
                                  )   ENTRY OF CONSENT JUDGMENT
17          v.                    )   FORFEITING INTERESTS OF
                                  )   YESHIVA IMREI JOSEF, MACHNE
18 $521,151.15 IN BANK ACCOUNT    )   SVA ROTZOHN, AND CENTRAL
   FUNDS AND $156,164.00 IN UNITED)   RABBINICAL SEMINARY IN THE
19 STATES CURRENCY,               )   DEFENDANT ASSETS
                                  )
20          Defendants.           )   (Proposed order filed
                                  )   concurrently)
21 YESHIVA IMREI JOSEF, MACHNE SVA)
   ROTZOHN, CENTRAL RABBINICAL    )
22 SEMINARY, MARVIN A. LAZAR, AND )
   YOSEF NACHUM NAIMAN,           )
23                                )
            Claimants.            )
24 _____)

25      IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiff United

26 States of America, through its undersigned counsel, and Claimants

27 Yeshiva Imrei Josef, Machne Sva Rotzohn, and Central Rabbinical

28 Seminary, individually and through their undersigned counsel, as

1  follows:

2      1.   On May 22, 2008, plaintiff United States of America

3  commenced this judicial forfeiture action by filing a Complaint

4  alleging that the defendants $521,151.15 in Bank Account Funds

5  and $156,164.00 in United States Currency (collectively,

6  "defendant funds") are forfeitable to the United States pursuant

7  to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C) and 984.  Yeshiva

8  Imrei Josef, Machne Sva Rotzohn, and Central Rabbinical Seminary

9  have claimed to have interests in the defendant $521,151.15 in

10 Bank Account Funds.  Marvin A. Lazar and Yosef Nachum Naiman

11 filed claims to portions of the defendant $156,164.00 in United

12 States Currency, and this stipulation does not affect the claims

13 they have already filed.

14     2.   Plaintiff has notified other potential claimants of this

15 action pursuant to Supplemental Rule G for Admiralty or Maritime

16 Claims and Asset Forfeiture Actions, Federal Rules of Civil

17 Procedure.  Notice of forfeiture of the defendant funds was

18 published three times (on June 26, July 3, and July 10, 2008) in

19 accordance with Supplemental Rule G(4)(a)(iv)(C).  Apart from the

20 claimants identified in paragraph 1 above, no claims or answers

21 have been filed to contest the forfeiture of the defendant funds,

22 and the time for filing claims and answers has expired.  All

23 potential claimants to the defendants other than Yeshiva Imrei

24 Josef, Machne Sva Rotzohn, Central Rabbinical Seminary, Marvin A.

25 Lazar, and Yosef Nachum Naiman are deemed to have admitted the

26 allegations of the complaint.

27     3.   It is the intent of the United States and claimants

28 Yeshiva Imrei Josef, Machne Sva Rotzohn, and Central Rabbinical

1   Seminary to resolve all of their competing claims to the
2   defendant funds by this Stipulation and the concurrently filed
3   (proposed) Consent Judgment.  This Stipulation is part of a
4   package of agreements entered into in the matter <u>United States v.</u>
5   <u>Naftali Tzi Weisz, et al.</u>, 06-775 JFW ("Criminal Case"),
6   including binding plea agreements entered into pursuant to
7   Federal Rule of Criminal Procedure 11(c)(1)(C).  If the Court in
8   the Criminal Case determines not to be bound by the terms of the
9   plea agreement relating to Yeshiva Imrei Josef, then none of the
10  parties to this Stipulation will be bound by this Stipulation or
11  any of its terms or conditions, the Stipulation will become null
12  and void, the parties to the Stipulation will be relieved of
13  their obligations under it, and the parties to the Stipulation
14  will return to their positions prior to execution of the
15  Stipulation.

16      4.   This Court has jurisdiction over the subject matter of
17  the present action and over the parties to this agreement.

18      5.   The Complaint states a claim for relief against the
19  defendant funds.

20      6.   All right, title, and interest of Yeshiva Imrei Josef,
21  Machne Sva Rotzohn, Central Rabbinical Seminary, and all other
22  potential claimants, in the defendant $521,151.15 in Bank Account
23  Funds is hereby condemned and forfeited to the United States of
24  America.  The United States Marshals Service shall dispose of the
25  defendant $521,151.15 in Bank Account Funds in accordance with
26  law and in consultation with the seizing agency.  The defendant
27  $521,151.15 in Bank Account Funds is more particularly described
28  as follows:

      a.   $509,381.12 seized from an account ending in -3565 in the name of Yeshiva Imrei Yosef;

      b.   $7,986.50 seized from an account ending in -3265 in the name of Central Rabbinical Seminary; and

      c.   $3,783.53 seized from an account ending in -3965 in the name of Machine [sic] Sva Rotzohn.

7.   Except as to such rights and obligations created by this Stipulation, Yeshiva Imrei Josef, Machne Sva Rotzohn, Central Rabbinical Seminary agree to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency), including without limitation the Federal Bureau of Investigation and the Internal Revenue Service, acting in their individual or official capacities, from all claims, actions or proceedings, including, but not limited to, any claim for attorney's fees and/or costs, or interest, which may hereafter be asserted or brought by each of them or on their behalf which are related to or arise out of the present action.

8.   All of the undersigned shall execute all documentation necessary to carry out this agreement.  Each party shall bear its own costs of litigation and attorney's fees.  Each party waives its right to appeal.  The parties agree that the Court's entry of the accompanying Consent Judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465(a)(2).

9.   The Court retains jurisdiction over this case and the parties hereto to effectuate the terms of this agreement.  There being no just reason for delay, the undersigned respectfully request the court to direct the clerk to enter the accompanying

4

Consent Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, which constitutes a final judgment as to the interests of Yeshiva Imrei Josef, Machne Sva Rotzohn, Central Rabbinical Seminary, and all other potential claimants, in the defendant $521,151.15 in Bank Account Funds.

**SO STIPULATED AND REQUESTED.**

Dated: _____, 2009

THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


_____
MONICA E. TAIT
Assistant United States Attorney
Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: _____, 2009

_____
[Name]
Authorized agent for claimant
YESHIVA IMREI JOSEF

Dated: _____, 2009

_____
[Name]
Authorized agent for claimant
MACHNE SVA ROTZOHN

Dated: _____, 2009

_____
[Name]
Authorized agent for claimant
CENTRAL RABBINICAL SEMINARY

Dated: _____, 2009

_____
BIRD, MARELLA, BOXER, WOLPERT,
NESSIM, DROOKS & LINCENBERG
BY:  Gary Lincenberg
ATTORNEY FOR CLAIMANTS YESHIVA
IMREI JOSEF, MACHNE SVA ROTZOHN,
CENTRAL RABBINICAL SEMINARY

# EXHIBIT A

(TO BE FILED SEPARATELY UNDER SEAL)

EXHIBIT B

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NUMBER |
|---|---|
| PLAINTIFF, | CR 0__-_____ |
| v. | |
| | **WAIVER OF INDICTMENT** |
| DEFENDANTS. | |

Yeshiva Imrei Yosef,  Machne Sva Rotzohn, Kollel Ner L'Avrohom, Kollel Tiferes Yaakov Yosef, Agudath Chasidei Spinka, Congregation Chakal Yitzchok, United Rabbinical Academy, Mifal Hachesed Yeshiva Gedolah Imrei Yosef D'Spinka Inc., Yeshiva Spinka, Central Rabbinical Seminary, Mesivta Imrei Yosef, Keren Halbosho D'Mesivta Imrei Yosef Spinka, Keren Chasanim D'Mesivta Imrei Yosef Spinka, Gemach Tzeduka V'Chesed Inc., Rabbinical College Academy, Yeshiva Bein Hazamanim, Mosdos Spinka International, Mifal Hadaf, Kollel Nachlas Moshe, Igud Chasidai Spinka, Yeshiva Ohr Yaakov, the above-named defendants, who are accused of Conspiracy to Defraud the United States and the following related charges: _____

_____

_____

being advised of the nature of the charge(s), the proposed information, and of my rights, hereby waive in open court prosecution by indictment and consent that the proceedings may be by information rather than by indictment.

*Date*: _____

_____          _____
                                                    *Authorized Agent of Defendant*


                                                    _____
                                                    *Counsel for Defendant*


Before _____
              *Judicial Officer*